**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X   **Case No.**
TERRY ANN RAYMOND,

                              Plaintiff,              **COMPLAINT**

             -against-

                                             **PLAINTIFF DEMANDS**
NEW YORK CITY HEALTH AND HOSPITALS    **A TRIAL BY JURY**
JACOBI MEDICAL CENTER,
                               Defendant.
-------------------------------------------------------------------X

      Plaintiff TERRY ANN RAYMOND ("Plaintiff"), by her attorneys, PHILLIPS &

ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendants, upon

information and belief, as follows:

## NATURE OF THE CASE

1.      Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

      U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, New York

      State Executive Law §§ 296 *et seq.* ("NYSHRL"), and the New York City Human Rights

      Law, New York City Administrative Code §§ 8-502(a) *et seq.* ("NYCHRL") and seeks

      damages to redress the injuries that Plaintiff has suffered as a result of being

      discriminated against due to her pregnancy and sex/gender (female); retaliated against for

      requesting reasonable accommodations for her pregnancy; and ultimately being

      terminated on the basis of her pregnancy and sex/gender (female).

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2.      Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§

      1331 and 1343.

3.      The Court has supplemental jurisdiction over the claims that Plaintiff has brought under

state and city law pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more
        Defendants reside within the Southern District of New York or the acts complained of
        occurred therein.

5.      By: (a) timely filing a Charge of Discrimination with the New York State Division of
        Human Rights and cross-filing, the same, with Equal Employment Opportunity
        Commission ("EEOC") on May 28, 2021; (b) receiving a Notice of Right to Sue from the
        EEOC on April 7, 2022; (c) commencing this action within 90 days of the issuance of the
        Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this
        Complaint, mailing a copies thereof to the New York City Commission of Human Rights
        ("NYCCHR") and the Office of the Corporation Counsel of the City of New York
        pursuant to the notice requirements of § 8-502 of the New York City Administrative
        Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of
        the instant action.  A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a
        copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit B.

## **PARTIES**

6.      At all relevant times, Plaintiff was and is a female resident of the State of New York and
        County of Westchester.

7.      At all relevant times, Defendant NEW YORK CITY HEALTH AND HOSPITALS
        JACOBI MEDICAL CENTER ("JACOBI MEDICAL CENTER") was and is a foreign
        limited liability company that duly operates in the State of New York.

8.      Upon information and belief, Defendant JACOBI MEDICAL CENTER employs at least
        five hundred employees.

9.      At all relevant times, Defendant JACOBI MEDICAL CENTER acted by and through its

agents, servants, and employees, each of whom acted in the course and scope of their employment with and for Defendant JACOBI MEDICAL CENTER.

10.   Defendant JACOBI MEDICAL CENTER is hereinafter referred to as "Defendant."

## MATERIAL FACTS

11.   On or about September 9, 2019, Plaintiff began working as a "Clerical Associate" in the Nursing Department at Defendant JACOBI MEDICAL CENTER, located at 1400 Pelham Parkway South, Building 4, Bronx, New York 10461.

12.   Plaintiff worked approximately 40 hours per week and earned approximately $19.76 per hour.

13.   Plaintiff's estimated 2020 salary was approximately $40,000.

14.   On or about November 2019, Plaintiff learned that she was pregnant.

15.   Plaintiff performed well throughout her employment and had no record of disciplinary action or write-ups by Defendants.

16.   On or about April 4, 2020, Plaintiff was told by her doctor that she should remain at home due to the COVID-19 pandemic and the potential risks to Plaintiff's pregnancy, as she was deemed "high risk."

17.   That same day, Plaintiff submitted a note from her doctor with orders to stay home to the nursing area staff and was told they would forward the note to Defendant's Human Resources office.

18.   After that day, Plaintiff did not return to work due to her high-risk status.

19.   Plaintiff applied for FMLA, but was not eligible as she had not yet worked for a requisite 12 months.

20.   Plaintiff was out of work on a medical leave per her doctor's orders until June 22, 2020, when her daughter was born.

21.     Plaintiff was then out on maternity leave for approximately eight (8) weeks.

22.     On or about June 17, 2020, Plaintiff sent the requested doctor's note permitting Plaintiff
        to return to work on or about August 25, 2020 via email to Dana Stein ("Stein"),
        Defendants' Equal Employment Opportunity Officer.

23.     In or around August 2020, Plaintiff called her supervisor, Barbara Wakoren ("Wakoren"),
        requesting information and procedural requirements necessary for Plaintiff to return to
        work after maternity leave.

24.     Plaintiff was told by Ms. Wakoren to reach out to Defendant's Human Resources
        Department to obtain that information.

25.     Shortly thereafter, Plaintiff called and spoke to a Human Resources representative for
        Defendant and was told to produce a letter from her doctor clearing her to return to work,
        which Plaintiff had already provided.

26.     On or about August 11, 2020, in advance of her return from maternity leave, Plaintiff
        emailed James Keys ("Keys") the Regional Director of Defendant's Office of Equal
        Employment Opportunity, to request an accommodation of a different shift time upon her
        return from maternity leave. Plaintiff had been working 4:00 PM – 12:00 AM shifts and
        asked if there were any alternative shifts that could be arranged.

27.     That same day, Keys responded that Defendant would not be able to evaluate Plaintiff's
        request for a reasonable accommodation because "caregiver status" was "not provided for
        under [Defendant's] EEO Policy. Keys referred Plaintiff to her department for a shift
        change and/or suggested that Plaintiff apply for alternate positions within Defendant's
        organization.

28.     Just three days later, on or about August 14, 2020, Jennifer Lee, a Personnel Program
        Development Specialist in Defendant's Human Resources Department, emailed Plaintiff

a termination letter.

29.     Defendant's termination letter cited termination effective August 13, 2020 "for failure to

        successfully complete [Plaintiff's] probationary period."

30.     Shortly thereafter, Plaintiff contacted her union in an attempt to regain her employment.

31.     Upon information and belief, Plaintiff's union made efforts to request that Plaintiff's

        employment be reinstated.

32.     On December 28, 2020, Plaintiff received a memorandum with a determination from

        Defendant's Legal Department denying her challenge of wrongful termination.

33.     Defendant's memorandum states:

        "...At the time of her termination, [Plaintiff] was still on probation. A
        probationary employee can be terminated for any reason or no reason at all except
        discrimination on the basis of race, religion, sexual orientation, etc. As such,
        [Plaintiff] does not have any due process right under the collective bargaining
        agreement. Therefore, her termination cannot be challenged. However, if
        [Plaintiff] believes she did not pass probation or at least get an extension as a
        result of pregnancy/child care she may be able to file a discrimination
        complaint..."

34.     Defendants terminated Plaintiff solely because of Plaintiff's sex/gender and pregnancy.

        But for the fact that Plaintiff was pregnant and female, Plaintiff would not have been

        discriminated and retaliated against.

35.     Defendants possess no good faith business justification for the actions taken against

        Plaintiff herein.

36.     Based on the above, as well as on the temporal proximity between Plaintiff's disclosure

        of her pregnancy and need for a reasonable accommodation, and the time that Plaintiff

        was terminated, it is clear that Defendants retaliated against Plaintiff due to her

        pregnancy and due to her pregnancy-related need for accommodations.

37.     Plaintiff felt offended, disturbed, and humiliated by the blatantly unlawful and

discriminatory termination.

38.   Plaintiff was unlawfully discriminated and retaliated against, humiliated, and degraded.

39.   Defendants' actions and conduct were intentional and intended to harm Plaintiff.

40.   As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

41.   As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional distress.

42.   As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

43.   Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

44.   As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**<u>AS A FIRST CAUSE OF ACTION</u>**
**<u>DISCRIMINATION UNDER TITLE VII</u>**

45.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

46.   This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Defendant JACOBI MEDICAL CENTER. Plaintiff complains of Defendant JACOBI MEDICAL CENTER's violation of Title VII's prohibition against discrimination in employment based, in whole or in part,

upon an employee's pregnancy and gender (female).

47.   Defendant JACOBI MEDICAL CENTER engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff because of her pregnancy and gender (female).

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

48.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

49.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> (1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

50.   Defendant JACOBI MEDICAL CENTER engaged in unlawful employment practices prohibited by Title VII by terminating Plaintiff because of her engagement in a protected activity related to her pregnancy and sex/gender (female).

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYSHRL

51.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

52.   Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to

discriminate against such individual in compensation or in terms, conditions or privileges of employment.

53.     Defendants engaged in an unlawful discriminatory practice by discriminating against

Plaintiff because of her pregnancy and sex/gender (female).

## AS A FOURTH CAUSE OF ACTION
## RETALIATION UNDER THE NYSHRL

54.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint.

55.     Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for

any person engaged in any activity to which this section applies to retaliate or

discriminate against any person because he or she has filed a complaint, testified, or

assisted in any proceeding under this article."

56.     Defendants have engaged in an unlawful discriminatory practice in violation of the

NYSHRL when they terminated Plaintiff for seeking a reasonable accommodation for her

pregnancy.

## AS A FIFTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYCHRL

57.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint.

58.     The New York City Administrative Code § 8-107(1) provides that

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

8

59.   Defendants engaged in an unlawful discriminatory practice by discriminating against and Plaintiff because of her pregnancy and gender (female).

## AS A SIXTH CAUSE OF ACTION
## RETALIATION UNDER THE NYCHRL

60.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

61.   The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer ... to discriminate against any person because such person has opposed any practices forbidden under this chapter ... "

62.   Defendants have engaged in an unlawful discriminatory practice in violation of the NYCHRL when they terminated Plaintiff for seeking a reasonable accommodation for her pregnancy.

## JURY DEMAND

63.   Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.   Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL, in that Defendants discriminated against Plaintiff on the basis of her pregnancy and sex/gender (female), and retaliated against her for requesting reasonable accommodations for her pregnancy;

B.   Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.   Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the

        prosecution of the action;

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

        proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       June 24, 2022


                                        PHILLIPS & ASSOCIATES,
                                        ATTORNEYS AT LAW, PLLC


                             By:        _____
                                        Brittany A. Stevens, Esq.
                                        *Attorneys for Plaintiff*
                                        45 Broadway, Suite 430
                                        New York, New York 10006
                                        T: (212) 248-7431
                                        F: (212) 901-2107
                                        bstevens@tpglaws.com